UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE:
VALERIE B. JEFFERS ,          Bankr. Case. No. 11-31121–JGR
    DEBTOR,                        Chapter 13

VALERIE B. JEFFERS,
    PLAINTIFF,
vs.

OCWEN LOAN SERVICING, LLC
    DEFENDANT.                     Adv. Case. No. 16-01018-JGR

## AMENDED COMPLAINT

1. Plaintiff is an individual consumer who resides in Parker, Colorado.

2. Defendant Ocwen Loan Servicing, LLC is located in West Palm Beach, Florida.

3. Defendant is the servicer of Plaintiff's mortgage loan.

4. Plaintiff filed the above-captioned chapter 13 bankruptcy on September 2, 2011.

5. Plaintiff made all of her chapter 13 plan payments and received a discharge order on April 8, 2015.

6. Plaintiff made all of her post-petition mortgage payments to Defendant.

7. On April 6, 2015, Defendant, by and through its attorneys, filed a document titled "statement in response to notice of final cure mortgage payment". Within the document, Defendant admitted that Plaintiff had cured the

1

prepetition arrearage and that Plaintiff was current on all post-petition mortgage payments.

8. At all times after Plaintiff received her discharge order, Plaintiff has continued to make all payments to Defendant on time.

9. In or around October 2015, the Defendant began harassing Plaintiff to collect money that was not due and owing. More specifically, Defendant began demanding that Plaintiff pay several thousand dollars in "escrow charges", which allegedly became due before Plaintiff's bankruptcy case was filed. These "escrow charges" were required to be included in Defendant's proof of claim, and were in fact included in the Defendant's proof of claim.

10. Defendant has sought to collect this money from Plaintiff through letters and phone calls, and Defendant has also threatened to institute foreclosure proceedings on the Plaintiff.

11. Defendant misapplied Plaintiff's payments that were made through the chapter 13 trustee and Plaintiff's payments that she made directly in direct violation of the confirmed plan and 11 U.S.C 524(i). Plaintiff bases this allegation on the fact that she made all plan payments and post-bankruptcy mortgage payments on time, and has made all payments on time after her discharge order. Accordingly, there should be no way that Plaintiff is now several thousand dollars behind. In addition, Defendant filed a motion for relief from stay in Plaintiff's bankruptcy case, which was denied.

## COUNT I, VIOLATION OF 11 U.S.C. 524(i)

12. Plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

13. Defendant willfully failed to credit payments received under Plaintiff's chapter 13 plan, which was a violation of section 524(i).

14. Defendant's violation of section 524(i) caused material injury to the Plaintiff, including but not limited to an incorrect loan balance, specious fees have been added or assessed to the balance of the loan, inconvenience, false credit reporting, reduction in credit score, damage to reputation, lost credit opportunities, emotional distress and other non-economic damages including the fear of a foreclosure.

15. Plaintiff seeks actual damages to be determined at trial, punitive damages to be determined at trial, attorney fees and costs.

## COUNT II, Violation of 11 U.S.C. 362

16. plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

17. At all times relevant hereto, the defendant had notice of plaintiff's bankruptcy because it received notice from the prior servicer from whom it acquired the servicing rights to plaintiff's mortgage loan.

18. While the automatic stay was in place, defendant placed collection calls and sent collection letters to plaintiff to collect a pre-petition claim.

19. While the automatic stay was in place, defendant reported information to the major credit reporting agencies to report that plaintiff was "past due" and delinquent, which was done for the purpose of collecting a pre-petition claim.

20. Defendants violations of the automatic stay were willful because defendant had actual notice of plaintiff's bankruptcy and intended to undertake the actions which violated the automatic stay.

21. Defendant acted with reckless disregard for plaintiff's rights under the bankruptcy code because as a matter of policy, defendant routinely reports derogatory information to the credit reporting agencies about debtors involved in bankruptcies, and defendant has failed to establish safeguards to prevent its employees from attempting to collect on a pre--petition claim.

22. Defendants violations of the automatic stay caused the plaintiff actual damages to be determined at trial, including but not limited to attorney fees, worry, stress, harm to reputation, damage to credit score, and inconvenience.

## COUNT III, VIOLATION OF BANKRUPTCY RULE 3002.1

23. plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

24. After the plaintiffs bankruptcy petition was filed in this case, defendant added numerous fees, charges, and/or expenses to the balance of plaintiff's loan.

25. The mortgage loan at issue in this case is for plaintiff's personal residence.

26. Defendant failed to file the notice required by the rule with the court for each fee, charge, and/or expense.

27. As a result of the defendants violations of bankruptcy rule 3002.1, plaintiff seeks sanctions and/or punitive damages, and an order directing defendant to remove all fees charges and/or expenses from the balance of plaintiff's loan and to immediately cease and desist from collecting the same.

WHEREFORE, Plaintiff prays for the following relief:

 a. actual damages to be determined at trial;
 b. punitive damages to be determined at trial;
 c. attorneys fees and costs;
 d. for injunctive relief preventing the Defendant from foreclosing on Plaintiff.

s/ Matthew R Osborne
10465 Melody Dr., Suite 325
Northglenn, CO 80234
303-759-7018
matt@mrosbornelawpc.com
*Atty. for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on August 22, 2016, I served a true and correct copy of the foregoing Amended Complaint via CM/ECF to:

Cynthia Lowery-Graber and M. Adam Lewis, Attorneys for Defendant

s/ Mike Nobel